131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David DEES, d/b/a David Dees Illustration, Plaintiff-Appellant,
v.
SABAN ENTERTAINMENT, INC., Defendant-Appellee.
 No. 96-56029.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1997.
Decided Dec. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-06740-R; Manuel L. Real, Chief Judge, Presiding.
 Before: GIBSON**, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The disputed agreement transferred plaintiff's copyright in the Mighty Morphin Power Rangers' logo with as much specificity as the law requires. See Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 557 (9th Cir.1990). No admissible evidence contradicted the agreement's representation that there was consideration. The state law claims relied on the copyright claims. Plaintiff does not contest the award of attorney's fees unless we reverse the substantive judgment. We don't. However, we award no attorney's fees on appeal. 17 U.S.C. § 505
 
 
 3
 AFFIRMED.
 
 
 4
 GIBSON, Circuit Judge, dissenting.
 
 
 5
 I respectfully dissent from the Court's decision which affirms that the disputed agreement effectively transferred Plaintiff's copyright in the Mighty Morphin Power Rangers' logo. This Court, in Effects Associates, Inc. v. Cohen, 908 F.2d 555, 557 (9th Cir.1990), held that section 204's purpose was to "ensure[ ] that the creator of a work will not give away his copyright inadvertently and [to] force[ ] a party who wants to use the copyrighted work to negotiate with the creator to determine precisely what rights are being transferred and at what price."
 
 
 6
 In this case, the evidence suggests that Plaintiff did not intend to transfer his copyright. The disputed agreement, at best, represents an inadvertent transfer as the terms of the transfer were disguised within a "Work for Hire/Independent Contractor Agreement." Section 204(a) requires an intentional as opposed to an inadvertent agreement to transfer.
 
 
 7
 Plaintiff's original agreement with Defendant stated that Plaintiff's logo was to be used by Defendant only on a video cover and sell sheets and that Plaintiff would be entitled to compensation for additional uses of the logo. However, Defendant, represented by legal counsel with expertise in copyright law, appears to have purposely taken advantage of Plaintiff, a layperson unrepresented by legal counsel at the time of signing, with its proposed "Work-for-Hire/Independent Contractor Agreement." This agreement and the circumstances surrounding its signing do not reflect a true negotiation where the parties determined "precisely what rights are being transferred and at what price." Id.
 
 
 8
 Moreover, this purported transfer is also independently invalid because it was not supported by any new consideration. The evidence shows that the $250.00 paid on March 16, 1993 was for payment for Plaintiff's revisions to the logo.
 
 
 9
 Although a written "one-line pro forma statement" is all that section 204(a) minimally requires to transfer copyright ownership, there must first still be evidence of an agreement. Id. For these reasons, I would reverse and remand for trial.
 
 
 
 **
 The Honorable Floyd R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3